IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JAMES M. SHADWICK, II,        )
                              )
          Plaintiff,          )
                              )
v.                            )     Case No. CIV-12-068-JHP
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social        )
Security Administration,      )
                              )
          Defendant.          )

## REPORT AND RECOMMENDATION

Plaintiff James M. Shadwick, II (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 31, 1967 and was 43 years old at the time of the ALJ's decision. Claimant completed his high school education and come college work. Claimant has worked in the past as a truck driver, carpenter, and roughneck. Claimant alleges an inability to work beginning January 1, 2007 due to limitations

3

resulting from pain in his right leg, arms, hands, and lower back and frequent headaches.

## Procedural History

On July 10, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On May 25, 2010, an administrative hearing was held before ALJ Michael Kirkpatrick by video conferencing with the ALJ in McAlester, Oklahoma and Claimant in Fort Smith, Arkansas. On October 18, 2010, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on December 13, 2011. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to perform a proper credibility analysis; (2) reaching an improper RFC determination; and (3) improperly applying the grids to Claimant.

**Credibility Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of obesity, dependent edema, bilateral flat feet, bilateral genu valgus (knock knee); and resolving sprain right ankle. (Tr. 14). He also found Claimant retained the RFC to perform a full range of light work. (Tr. 15). The ALJ made a finding that Claimant was not disabled based upon the application of Medical-Vocational Rule 202.21 - application of the grids. (Tr. 19-20).

Claimant first suggests the ALJ improperly assessed his credibility. On January 29, 2007, Claimant presented to Dr. Donald P. Samms complaining of pain in his back that ran bilaterally down his legs with occasional numbness. The pain was worse after Claimant had suffered a spider bite. Claimant told Dr. Samms, however, that the pain and numbness does not last but is a frequent irritation. Dr. Samms diagnosed Claimant with bilateral sciatica and prescribed medication, stretching exercises, and heat. (Tr. 292).

On October 29, 2008, Claimant saw Dr. Brian Rodgers due to an

5

injury to his right ankle. Dr. Rodgers noted significant swelling laterally with marked tenderness. The x-rays were negative. Dr. Rodgers diagnosed a right ankle sprain. (Tr. 319). Claimant returned on January 20, 2009 complaining of regular swelling in his right leg. Claimant was noted as weighing 308 pounds. Dr. Rodgers found Claimant had a trace of pitting edema in both lower extremities with tenderness. His right ankle was stable and relatively non-tender. Dr. Rodgers diagnosed Claimant with dependent edema, resolving right ankle sprain, family history of diabetes, tobacco abuse, and obesity. (Tr. 317).

On August 5, 2009, a Physical Residual Functional Capacity Assessment form was completed by Dr. Janet G. Rodgers. Dr. Rodgers found Claimant could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk for about 6 hours in an 8 hour workday, sit for about 6 hours in an 8 hour workday, and could engage in unlimited pushing and pulling. (Tr. 326).

On November 16, 2009, Dr. Wojeiech Dulowski conducted a consultative examination of Claimant. He found Claimant had good coordination, equal strength in his upper and lower extremities, normal gait although Claimant walked slightly slow because of his weight but with good safety and stability. Claimant had difficulty

6

walking on heels or tiptoes because of back pain. He did not use an assistive device. His grip strength and gross and fine manipulation were good. (Tr. 338). Range of motion in the lumbosacral spine was normal although Claimant experienced pain and tenderness. Cervical spine testing was normal. (Tr. 336).

On November 24, 2009, Dr. Kenneth Wainner completed a Physical Residual Functional Capacity Assessment form on Claimant. His findings on limitation were identical to Dr. Rodgers in her earlier form. (Tr. 341).

On December 15, 2010, Dr. Terry Hoyt completed a Physical Residual Functional Capacity Evaluation of Claimant. Dr. Hoyt found Claimant could sit 5-15 minutes at a time, stand 5-10 minutes at a time, and walk 10-15 minutes at a time. During an 8 hour workday, Dr. Hoyt found Claimant could sit, stand, and walk for 1-2 hours. He found Claimant could walk with braces and needs rest at hourly intervals or less. He determined Claimant could frequently lift 0-5 pounds, occasionally lift 6-10 pounds, rarely lift 11-20 pounds, and never any weight greater than 20 pounds. (Tr. 348). Dr. Hoyt found Claimant's lower extremities were limited and must be elevated. He stated Claimant could rarely push/pull work in extended position or reach and never work above shoulder level or work overhead. He could occasionally grasp and never engage in

7

fingering or fine manipulation. Claimant could never squat, crawl, stoop, crouch, kneel, balance, twist or climb ladders or scaffolds. (Tr. 349). Dr. Hoyt has Claimant completely avoid heights or moving machinery or vibrating tools and had marked limitations in exposure to respiratory irritants, driving/riding in automotive equipment, and has hearing loss. Dr. Hoyt stated Claimant suffers from obesity limiting his mobility as well as dependent edema and suspected tarsal tunnel syndrome. (Tr. 350).

Claimant testified he cannot work because of swelling and pain in his legs, ankles, arms, hands, and low back. He states he can sit for 15 minutes at a time, stand for 5 minutes at a time, walk for 50 feet, lift less than 10 pounds on a routine basis (around 2 pounds), cannot bend or squat, and can climb a few steps. He suffers from chronic fatigue. (Tr. 16). The ALJ rejected these statements of limitation based upon the medical record.

It is worthy of note that while the Appeals Council had Dr. Hoyt's assessment on review, the ALJ did not. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such,

will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ was without the benefit of the report of

Dr. Hoyt which in large measure supports Claimant's testimony regarding limitation. This case should be remanded to permit the ALJ to evaluate Claimant's credibility in light of this addition to the medical record.

### RFC Determination

The ALJ made certain findings which invade the purview of the medical professionals and, therefore, affect his RFC determination. Namely, Dr. Rodgers recommended elevation of Claimant's legs but the ALJ rejected this finding stating Dr. Rodgers "did not provide that it must be done on a regular/ongoing basis." (Tr. 18). The ALJ is splitting hairs. Dr. Rodgers also did not find that elevation occurs only during non-work hours. It will always be a simple matter to reject a medical finding for what it does not state as no medical opinion can address every possible scenario envisioned by an ALJ. Both in terms of this finding and the additional reporting of Dr. Hoyt, the ALJ shall reassess his RFC determination on remand.

### Application of the Grids

Claimant contends that the grids should not have been applied due to the existence of non-exertional impairments. In order to help evaluate the step five requirement, whether or not there are sufficient jobs in the economy that the claimant can perform given

his or her age, education, and work experience, the Social Security Administration has created Medical-Vocational Guidelines, also known as "the grids." *See* 20 C.F.R. § 404.1567; 20 C.F.R. Pt. 404, Subpt. P, App. 2; Trimiar v. Sullivan, 966 F.2d 1326, 1332 (10th Cir. 1992). Five degrees of residual functional capacity are outlined in the grids by general exertional level-sedentary, light, medium, heavy, and very heavy exertion. 20 C.F.R. § 404.1569a; Trimiar, 966 F.2d at 1332 n. 22. Residual functional capacity reflects "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(c). If the ALJ finds that a claimant's exertional capacity, education, age, and skills fit precisely within the criteria of a particular grid level, the ALJ may conclude the claimant is not disabled. Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). The Grids, however, may not be used where a claimant has nonexertional impairments which further limit the range of jobs he can do but, rather, the Grids may only be used as a guideline in evaluating the case. Eggleston v. Bowen, 851 F.2d 1244, 1247 (10th Cir. 1988).

Non-exertional limitations affect a claimant's ability to meet the demands of jobs that do not involve strength. 20 C.F.R. §

404.1569a(a). Examples cited include "(1) difficulty functioning because you are nervous, anxious, or depressed; (2) difficulty with maintaining attention or concentration; (3) difficulty understanding or remembering detailed instructions; (4) difficulty seeing or hearing; (5) difficulty tolerating some physical feature(s) of certain work settings, e.g., you cannot tolerate dust or fumes; (6) difficulty with manipulative or postural functions such as reaching, handling, stooping, climbing, or crawling." 20 C.F.R. § 404.1569a(c).

The only non-exertional limitation specifically identified by Claimant was elevation of his legs. On remand, the ALJ shall consider whether this is, indeed, a non-exertional impairment and whether application of the grids was appropriate.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the

court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 29th day of January, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE